UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

The Society of Lloyd's,

    Plaintiff,

    v.                                   Case No. 1:04cv187

Ernest Alfred Eynon, *et al.*,         Judge Michael H. Watson

    Defendants.

**OPINION & ORDER**

This matter is before the Court upon Defendant Robert B. Sumerel's Motion to Dismiss (Doc. 5) and Defendant Harry Collins Roach's Motion to Dismiss. (Doc. 18) Plaintiff The Society of Lloyd's ("Lloyd's") has filed Memoranda in Opposition (Docs. 11, 20) and Defendants Sumerel and Roach have filed Replies. (Docs. 16, 21) This matter is now ripe for review.

This action was filed on March 8, 2004 by Lloyd's, an English corporation, to enforce four judgments entered against Defendants in England. (Doc. 1) Lloyd's Complaint is brought pursuant to the Uniform Foreign Money-Judgements Recognition Act, as codified in Ohio Revised Code §§ 2329.90-2329.94. Jurisdiction is based on diversity of the parties' citizenship under 28 U.S.C. § 1332(a). Defendants Sumerel and Roach move to dismiss Lloyd's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3) for lack of personal jurisdiction and improper venue.[1]

---

[1] Initially, Sumerel also moved to dismiss for insufficiency of service of process, but subsequent to the filing of his motion, Lloyds effected service. (Doc. 7) Therefore, Sumerel withdrew his defense of insufficiency of service of process and personal jurisdiction. (Doc. 16) Although Roach states that his motion is one based on lack of personal jurisdiction, nowhere does Roach address this issue.

Venue is governed by 28 U.S.C. § 1391, which provides in relevant part:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). This Court has held that the plaintiff bears the burden of establishing that venue is proper once an objection to venue has been raised, and must demonstrate that venue is proper for each claim asserted in the complaint. *GCG Austin, Ltd. v. City of Springboro, Ohio*, 284 F.Supp.2d 927, 929 (S.D. Ohio 2003), *citing*, *Astor Holdings, Inc. v. Roski*, 2002 WL 72936, *8 (S.D.N.Y. Jan. 17, 2002); 15 Wright, Miller, & Cooper, Federal Practice & Procedure § 3808 (2d ed. 1986).

Sumerel argues that under section 1391(a)(1), residence is determined as of the time of the commencement of the action. Sumerel states that he has been a resident of Florida since 2000, and therefore Lloyd's cannot establish that all defendants resided in Ohio at the time of the commencement of the action. Similarly, Roach states that his permanent residence is Alabama, and therefore venue is not proper in the Southern District of Ohio.

For purposes of venue, an individual's residence is to be determined as of the time of the commencement of the action, not the time when the action arose. *U.S. v. Martin*, 2001 WL 122224 (E.D. Pa. Feb. 8, 2001) (unpublished) (defendant's change of residence after being served with process did not render venue proper in his new

home district); *Paul v. International Precious Metals Corp.*, 613 F.Supp. 174, 179 (S.D. Miss. 1985); *Lee v. Hunt*, 410 F.Supp. 329, 332 (M.D.La. 1976); *Parham v. Edwards*, 346 F.Supp. 968, 969 (S.D.Ga. 1972); *Herpst v. S. B. I. Liquidating Corp.*, 279 F.Supp. 928, 931 (E.D. Pa. 1968) (and cases cited therein); *see also* Wright, Miller, & Cooper, 15 Federal Practice & Procedure § 3805 (2d ed. 1986); David D. Siegel, Commentary on 1988 and 1990 Revisions of Section 1391 ("In determining whether a defendant is subject to jurisdiction, or "resides" in a given district, under any of the measures of subdivisions (a), (b), or (c) that make one of those things relevant, the moment that counts is ordinarily the time of commencement of the action.").

An individual's "permanent" residence, or domicile is used for determining proper venue. *Manley v. Engram*, 755 F.2d 1463, 1466 n.3 (11th Cir. 1985). "Residence in this sense often turns upon the subjective factor of intent, for a person's domicile is that place where he has his true, fixed, and permanent home, and to which he has the intention of returning in the future although he may presently be absent therefrom." *Id.*

Lloyd's filed its Complaint on March 8, 2004. In his declaration, Sumerel states that since 2000, he has been a resident of Florida. (Doc. 5-2) In his affidavit, Roach states that his permanent residence is in Alabama. (Doc. 19) Either statement supports Defendants' arguments that venue is not proper in the Southern District of Ohio under section 1391(a)(1) because all defendants do not reside in Ohio.

Next, Sumerel and Roach argue that venue is not proper under section 1391(a)(2) because Lloyd's does not allege that a substantial part of the events or

omissions giving rise to the claim occurred in this district. Defendants point out that Lloyd's is only seeking to enforce the English judgments, and not litigate the claims underlying the judgments.

The Sixth Circuit has held that "in diversity of citizenship cases the plaintiff may file his complaint in any forum where a substantial part of the events or omissions giving rise to the claim arose; this includes any forum with a substantial connection to the plaintiff's claim." *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998). Relying on this "substantial connection" language, Lloyd's argues that it was enough that Sumerel and Roach were Ohio residents when they engaged in the transactions with Lloyd's which resulted in the English judgment against them.

Lloyd's relies on this Court's decision in *ALTA Analytics Inc. v. Muuss*, 75 F.Supp.2d 773 (S.D. Ohio 1999) for the proposition that there is a substantial connection where a non-resident of Ohio forms a contractual relationship with an Ohio resident. The present case is factually distinguishable from *ALTA*. In *ALTA*, the plaintiff was an Ohio corporation with its principal place of business in Ohio. *Id.* at 776. The defendant was a former employee who was a resident of Illinois. *Id.* The defendant contracted for employment with the plaintiff and performed duties on the corporation's behalf both inside and outside Ohio. *Id.* at 779. This Court found that venue was proper because the defendant established a significant on-going contractual relationship with the plaintiff in Ohio, and it was the breach of that relationship which gave rise to the cause of action. *Id.* at 779, 783. Here, Sumerel and Roach contracted with an English company, the reinsurance contract which is the

basis for the English judgments was entered into in England on Defendants' behalf, and the judgments were entered by an English court. The fact that Sumerel was a resident of Ohio when he engaged in transactions with Lloyd's does not provide enough of a substantial connection to make venue proper in this Court. Lloyd's has not shown that the location of Sumerel and Roach's residence has a substantial connection to Lloyd's underlying claims. Moreover, Lloyd's has not shown that a substantial part of the events or omissions giving rise to the claims arose in this district. Therefore, venue is not proper in the Southern District of Ohio under section 1391(a)(2).

Finally, Sumerel and Roach argue that venue is not proper under 1391(a)(3) because there are other judicial districts in which the action may otherwise be brought. Roach argues that because he is an Alabama resident, venue would be proper in Alabama. Similarly, Sumerel argues that because he is a Florida resident, venue for the claim against him is proper in Florida. In addition, Sumerel argues that the claim against him is improperly joined with the claims against the other Defendants.

Lloyd's admits that Defendants have been improperly joined. Lloyd's states that the claims against Defendants are nearly identical in substance, but are based upon separate transactions. Lloyd's states further that Lloyd's dealt with each Defendant separately, and sued each Defendant individually in England. Lloyd's defends what it terms a "technical misjoinder" by explaining that the Defendants were joined to promote economy for itself, the Court, and the Defendants. Lloyd's argues that severance and transfer, not dismissal, is the proper course of action.

Federal Rule of Civil Procedure 20 provides that defendants may be joined in one action "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Lloyd's has admitted that joinder of the claims against Sumerel and Roach with the claims against the other Defendants is not proper under Rule 20. Under Federal Rule 21:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Fed. R. Civ. P. 21. A district court has wide discretion in deciding whether to dismiss a party for misjoinder. *Letherer v. Alger Group, L.L.C.*, 328 F.3d 262, 266 (6th Cir. 2003). Contrary to Lloyd's assertions, there need not be a finding of fraud. *Asher v. Minnesota Mining and Mfg. Co.*, 2005 WL 1593941, *4 (E.D.Ky. June 30, 2005) (explaining that with the doctrine of fraudulent misjoinder, the charge is that the joined claims are unrelated and have been improperly joined in one action to destroy diversity). Therefore, the Court will sever Lloyd's claims against Sumerel and Roach based on misjoinder with the claims against the other Defendants.

Claims severed under Rule 21 are transformed into independent actions. 9 Wright, Miller, & Cooper, Federal Practice and Procedure § 2387 (2d ed. 1995); 4 James Wm. Moore, Moore's Federal Practice § 21.06(1) (3d ed. 1997). Therefore, severance of the claims against Sumerel and Roach does not resolve the issue of venue. The Court finds that based on the above analysis under section 1391(a), the

proper venue for the claims against Sumerel and Roach is not before this Court. Roach was an Alabama resident when the action commenced, and therefore venue is proper in Alabama. Sumerel was a Florida resident when the action commenced, and therefore venue is proper in Florida.

Under 28 U.S.C. §1406(a): "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Court finds that because Lloyd's has filed its claims against Sumerel and Roach in the wrong venue, these claims should be dismissed. Lloyd's has not shown that it would be in the interest of justice to transfer these cases. *See e.g., Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) (dismissal "would have resulted in plaintiff's losing a substantial part of its cause of action under the statute of limitations merely because it made a mistake in thinking that the respondent corporations could be 'found' or that they 'transact * * * business' in the Eastern District of Pennsylvania"). Therefore, Defendant Robert B. Sumerel's Motion to Dismiss (Doc. 5) and Defendant Harry Collins Roach's Motion to Dismiss (Doc. 18) are hereby GRANTED.

**IT IS SO ORDERED.**

               /s/Michael H. Watson
              Michael H. Watson, Judge
              United States District Court